## BRUSS v HOME SAVINGS & LOAN CO et

Ohio Appeals, 7th Dist, Mahoning Co

Decided March 14, 1933

H. T. Rapport, Youngstown, for plaintiff.

Russell McKay, Youngstown, Friedman & Rummell, Youngstown, and Laurence Reed, Youngstown, for defendants.

ROBERTS, J.

If none as a matter of fact was furnished later than the 2nd of October, then the affidavit was not filed within the statutory time for a lien and Bruss would have no interest in the premises as against the owners thereof. That is the only issue that has been submitted to this court at this time.

The important testimony relating to this proposition is that of a witness by the name of Henry Brown, who testified that he worked for Bruss and that on the 28th day of October he made the delivery of certain lumber to be used in the construction of a rear porch for this dwelling. He testified that he was able to fix the date by reason of the fact that he claimed that he remembered that this lumber was delivered about two days before Hallowe'en and about two days thereafter he ceased to be an employe of Bruss and purchased a truck and went into business for himself. This testimony, of course, would tend to sustain the contention of the plaintiff.

The defendant, Joseph Paluga, and his wife, testified practically to the same effect; that they moved into these premises on the 5th of October; that they had sold the place where they had previously been living to a man by the name of Caldwell, and Caldwell and his wife were anxious to move into this earlier residence of the Palugas, had already placed some furniture in the house, and that they were able to fix the date when they moved in by reason of the fact that they had recently recorded their title to the premises, and the husband and wife testify positively that they moved in at this time; that the rear porch was then completely painted; that there was no lumber upon the premises; that none was brought there after they moved, that no work was thereafter done upon the house. They are corroborated by Caldwell and his wife, who testify that they moved in on this 5th day of October; that they moved into the house that the Palugas had vacated; that they were over to Palugas new house; that they went there several times, carrying over the mail which came to the old residence for Palugas, and that they observed particularly and testify very positively that the rear porch was completed, the husband saying that it was painted, and the wife not remembering so far as the paint is concerned. There was an unfortunate condition in this case in that all of the exhibits which were introduced in the Court of Common Pleas having been lost and not produced in this court. It is claimed that there was a bill or delivery receipt left by the driver of the truck for this lumber which was signed by Lasher, the contractor, and that it would indicate the date claimed by the plaintiff. The contractor was not called as a witness by either party. Nothing was said so far as we recollect as to whether or not he was available, but it might be presumed to some extent that the person for whom his testimony was favorable would probably call him as a witness.

There is nothing involved in this case really except the weight of the testimony as to whether this lumber was delivered on the 5th of October, making the filing of mechanic's lien too late for the desired purpose, or whether it was delivered on the 28th of October, in the statutory time.

About all we can say in conclusion is that taking into consideration the evidence which has been introduced, the burden resting upon the plaintiff, that we have reached the conclusion that the plaintiff, Bruss, has not sustained the requisite weight of the testimony, that the burden of proof is with Paluga and his wife, and an entry may be made to that effect finding for the defendant Paluga upon the legality of the mechanic's lien, and that is the only issue that we have to decide.

FARR and POLLOCK, JJ, concur in the judgment.